# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| BERNARD BEAUFORT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-01197-DCN-MGB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL THOMPSON, ROBERT BECKER, THOMAS JURGENSMEYER, S. DUANE LEWIS, all in their official and individual capacities, and BERKELEY COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 17, that the court grant in part and deny in part defendants Berkeley County Sheriff's Office ("BCSO") and Sheriff S. Duane Lewis' ("Sheriff Lewis") (collectively, "BCSO Defendants") motion to dismiss, ECF No. 4, and grant in part and deny in part defendants Robert Becker ("Becker"), Thomas Jurgensmeyer ("Jurgensmeyer"), and Michael Thompson's ("Thompson") (collectively, "Officer Defendants") motion to dismiss, ECF No. 13. For the reasons set forth below, the court adopts in part and rejects in part the R&R and grants in part and denies in part both motions to dismiss.

## I. BACKGROUND

The R&R ably recites the facts, and the parties did not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of its legal analysis.

1

This action arises out of plaintiff Bernard Beaufort, Sr.'s ("Beaufort") arrest on October 13, 2018 by the Officer Defendants. Beaufort was at his residence in rural Berkeley County, South Carolina, when the Officer Defendants approached his home in response to a 911 call reporting that Beaufort was bearing firearms and threatening family members with such firearms. According to Beaufort, he walked into his front yard and was "confronted by [d]efendants at the scene, most directly by [d]efendant Becker, who behaved in a threatening manner and, in an accusatory tone, began to inquire whether [Beaufort] owned any firearms." ECF No. 1-2, Compl. at 7. Beaufort responded that "he was a lawful gun owner, and that all of his weapons were properly and safely secured inside his residence." Id. at 8. Beaufort alleges that he at no time possessed a firearm on his person, suggested that he had a firearm on his person, or otherwise gave any indication whatsoever that he posed a threat to anyone. When Becker indicated that he was going to arrest Beaufort, Beaufort resisted. Beaufort alleges that Becker and Jurgensmeyer then tackled Beaufort, and all three Officer Defendants "kicked, stomped, and punched [Beaufort] while he was on the ground, in his own front yard, in front of his wife, children, and grandchildren, until [Beaufort] was unconscious." Id. at 9. Beaufort suffered various injuries as a result of his arrest, including "a blowout fracture of the orbital floor of his left eye socket . . . two broken ribs, injuries to his right leg and knee, and a multitude of cuts and bruises." Id. at 7.

The Complaint alleges eleven causes of action. Against the Officer Defendants, Beaufort alleges excessive force, racial discrimination, retaliation, and abuse of process under 42. U.S.C. § 1983 (counts 1–4, respectively) and state law battery (count 8). Against the BCSO Defendants, Beaufort alleges "deliberately indifferent policies,

2

practices, customs, training, and supervision" under 42 U.S.C. § 1983 (count 5). Id. at 20. Against all defendants, Beaufort alleges state law claims of negligence/gross negligence (count 6); assault (count 7); battery (count 8); false imprisonment (count 9); false arrest (count 10); and malicious prosecution (count 11).

Notably, Beaufort previously filed a similar action on January 3, 2019, alleging claims against the same defendants under § 1983. See Beaufort v. Thompson et al., 2:19-cv-00034-BHH-KFM. The BCSO Defendants filed a similar motion to dismiss in that action, which resulted in an R&R recommending the court grant the motion and dismiss defendants from the action. Id., ECF Nos. 6, 19. While that R&R was pending, Beaufort moved for voluntary dismissal of the case without prejudice. Id., ECF No. 24. The court granted Beaufort's motion, and the action was voluntarily dismissed on September 17, 2019. Id., ECF No. 25.

Beaufort then filed the instant action in state court, which was removed to federal court on March 27, 2020, where it was assigned by local rule to Magistrate Judge Baker. ECF No. 1. On April 3, 2020, the BCSO Defendants filed a motion to dismiss. ECF No. 4. On April 17, 2020, Beaufort responded. ECF No. 7. On April 21, 2020, the BCSO Defendants replied, ECF No. 9, and, on April 28, 2020, Beaufort filed a sur-reply, ECF No. 14. The Officer Defendants also filed a motion to dismiss on April 24, 2020. ECF No. 13. Beaufort responded to that motion on May 8, 2020, ECF No. 15, and the Officer Defendants replied on May 14, 2020, ECF No. 16. On August 18, 2018, Magistrate Judge Baker issued an R&R, recommending that the court grant in part and deny in part both motions. ECF No. 17. On June 3, 2020, the BCSO Defendants, Beaufort, and the Officer Defendants filed objections to the R&R. ECF Nos. 19–21, respectively. On June

3

16, 2020, Beaufort responded to the BCSO Defendants' and the Officer Defendants' objections. ECF Nos. 22, 25, respectively. The BCSO Defendants and the Officer Defendants also responded to Beaufort's objections on June 16, 2020. ECF Nos. 24, 26, respectively. Therefore, these motions have been fully briefed and are now ripe for review.

## II. STANDARD

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III. DISCUSSION

The R&R recommends that the court grant in part and deny in part both the BCSO Defendants' and the Officer Defendants' motions to dismiss. Specifically, with respect to the BCSO Defendants' motion to dismiss, the R&R recommends that the court dismiss all § 1983 claims against the BCSO Defendants but allow the state law claims against the BCSO Defendants to proceed. With respect to the Officer Defendants' motion to dismiss, the R&R recommends that the court dismiss the § 1983 claims against the Officer Defendants in their official capacities. The R&R further recommends that the

court allow the § 1983 claims of excessive force, racial discrimination, retaliation, and abuse of process against the Officer Defendants in their individual capacities to proceed, as well as the state law claims brought against them. All parties object to the R&R, and the court addresses the parties' objections in turn.

### A. Beaufort's Objections

Beaufort specifically objects to the R&R on two grounds. First, Beaufort argues that the Magistrate Judge erred in finding that defendants did not waive Eleventh Amendment immunity with respect to Beaufort's § 1983 claims and thus erred in recommending that such claims against all defendants in their official capacities be dismissed. Second, Beaufort argues that the Magistrate Judge erred in finding that Beaufort failed to sufficiently allege a § 1983 claim against Sheriff Lewis in his individual capacity such that this claim should also be dismissed.

#### 1. Immunity to § 1983 Claims

In the R&R, the Magistrate Judge found Beaufort's § 1983 claims against all defendants in their official capacities were barred by Eleventh Amendment immunity and that defendants did not waive such immunity by removing the action to federal court. The Magistrate Judge acknowledged the principle that, "by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court." ECF No. 17 at 8 (emphasis added) (citing Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613, 619 (2002) ("A State's voluntary appearance in federal court waives sovereign immunity for claims where a state has consented to suit in its own courts for such claims.")). However, the R&R clarified, that, "[s]uch voluntary removal

6

does not waive a defendant's immunity to any § 1983 claims . . . ." Id. In other words, the Magistrate Judge found that defendants could not be subject to § 1983 claims in state court and thus did not waive any immunity to these claims by removing the suit to federal court.

Beaufort bemoans that the Magistrate Judge "fails to cite any statute or case law which shows that South Carolina has specifically retained immunity to § 1983 claims." ECF No. 20 at 2. The court overrules this objection, finding that the Magistrate Judge properly applied the law regarding defendants' immunity to § 1983 claims. See Gilliard v. S.C. Dep't of Corr., 2020 WL 4588510, at *12 (D.S.C. Feb. 28, 2020), report and recommendation adopted, 2020 WL 2487500 (D.S.C. May 13, 2020) ("[B]y voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court . . . such voluntary removal does not waive a defendant's immunity to any § 1983 claims, however.") (citing Passaro v. Virginia, 893 F.3d 243, 248 (4th Cir. 2019); Stewart v. North Carolina, 393 F.3d 484 (4th Cir. 2005)). To be liable under § 1983, a defendant must be "a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). The Supreme Court has specifically held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). As such, courts in this district have held that South Carolina agencies and officials cannot be sued in their official capacity

under § 1983, even if the suit was filed in state court and removed to federal court. See Burt v. Ozmint, 2012 WL 1032483, at *4 (D.S.C. Jan. 26, 2012), report and recommendation adopted, 2012 WL 1031924 (D.S.C. Mar. 27, 2012), aff'd, 479 F. App'x 551 (4th Cir. 2012); Walters v. Cty. Of Charleston, 2002 WL 34703346, at *2 n.2 (D.S.C. Feb. 7, 2002). The court reaches the same conclusion here and dismisses Beaufort's § 1983 claims against all defendants in their official capacities.

### 2. § 1983 Claim against Sheriff Lewis in his Individual Capacity

In the R&R, the Magistrate Judge also recommends that the court dismiss the § 1983 supervisory liability claim against Sheriff Lewis in his individual capacity. The complaint alleges a § 1983 claim against Sheriff Lewis for "Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision." ECF No. 1-2 at 20. Effectively, Beaufort seeks to hold Sheriff Lewis liable for the actions of the Officer Defendants for failing to properly train, supervise, and otherwise prevent the Officer Defendants' allegedly abusive behavior. The Magistrate Judge correctly explained that Beaufort must state a claim for supervisory liability to hold Sheriff Lewis liable in his individual capacity under this theory. ECF No. 17 at 9 (citing Pratt-Miller v. Arthur, 701 F. App'x 191, 193 (4th Cir. 2017)("[Where the only remaining claims are against a public official in [his] individual capacity, to hold the official liable for [his] subordinate's conduct, that [conduct]? must meet the test for supervisory liability.'"). The Magistrate Judge found that Beaufort failed to do so.

Beaufort objects, arguing that the complaint sufficiently alleges supervisory liability by stating that "[Sheriff] Lewis encouraged, tolerated, and justified his subordinates' retaliation of protected speech of private citizens in the form of malicious prosecution and excessive force." ECF No. 20 at 3. Beaufort also objects to the

Magistrate Judge's failure to take judicial notice of "cases found on the Berkeley County Public Index where Defendant BCSO was named as a defendant." ECF No. 20 at 4. The court overrules these objections, finding that even if the court took judicial notice of the referenced cases, Beaufort fails to state a claim for supervisory liability.

The "doctrine of respondeat superior has no applicability to § 1983 claims." Harbeck v. Smith, 814 F. Supp. 2d 608, 626 (E.D. Va. 2011) (citing Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004)). "Given that limitation, supervisors can be held liable 'in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms.'" Id. at 626–27 (quoting Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009)). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices [ ]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff

Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

The first element, which involves actual or constructive knowledge, can be satisfied by showing: "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury." Shaw, 13 F.3d at 799. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the

9

subordinate poses an unreasonable risk of harm of constitutional injury." Id. (citations omitted).

The second element requires the plaintiff to show "deliberate indifference to or tacit authorization of the alleged offensive practices." Baynard, 268 F.3d at 235. A plaintiff may establish deliberate indifference by "demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Shaw, 13 F.3d at 799 (citations omitted). Establishing deliberate indifference involves carrying "a heavy burden of proof" because deliberate indifference cannot be established by "pointing to a single incident or isolated incidents." Id. Holding a supervisor liable under a tacit authorization theory requires pleading sufficient facts to support an inference that the "supervisor fail[ed] to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place." Danser v. Stansberry, 772 F.3d 340, 350 (4th Cir. 2014) (citation omitted). Furthermore, the standard for establishing deliberate indifference recognizes that a supervisor cannot "reasonably be expected to guard against the deliberate criminal acts of . . . properly trained employees [with] no basis upon which to anticipate the misconduct." Shaw, 13 F.3d at 799 (citation omitted).

Finally, the third element requires a showing of causation. A plaintiff can show causation by demonstrating "an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." Id. (citation omitted). "This concept encompasses cause in fact and proximate cause . . . [and] may be supplied by [the] tort

principle that holds a person liable for the natural consequences of his [or her] actions." Id. (quoting Slakan v. Porter, 737 F.2d 368, 376 (4th Cir. 1984)).

Beaufort's claim fails at the first element of § 1983 supervisory liability, which requires Beaufort to show "that [Sheriff Lewis as] the supervisor had actual or constructive knowledge that his subordinate [here the Officer Defendants] w[ere] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff." Baynard, 268 F.3d at 235. Beaufort does not allege that Sheriff Lewis had actual knowledge that the Officer Defendants would use excessive force on Beaufort. To rely on constructive knowledge, Beaufort must allege sufficient facts to show "conduct [that] is widespread, or at least has been used on several different occasions." Shaw, 13 F.3d at 799. Beaufort fails to allege constructive knowledge because the complaint contains no allegations of misconduct by the Officer Defendants, other than the one incident of use excessive force against Beaufort at issue in this case. This is true even considering the six cases against BCSO referenced by Beaufort, which Beaufort does not claim involved any of the Officer Defendants. See ECF No. 20 at 4–5. A single allegation of misconduct by a subordinate is not enough to hold a supervisor liable on a § 1983 claim under a theory of supervisory liability. See Shaw, 13 F.3d at 799; Willis v. Blevins, 966 F. Supp. 2d 646, 662 (E.D. Va. 2013) (Plaintiff "also cites a list of acts by other officers, but these are not material as the inquiry under Shaw concerns only the conduct of [officer alleged to have constitutionally injured plaintiff]."). Because Beaufort cannot show Sheriff Lewis's knowledge of conduct by the Officer Defendants that posed a pervasive and unreasonable risk of constitutional injury, Beaufort also cannot show inaction to that knowledge nor causation between such

inaction and Beaufort's injury. Thus, Beaufort's § 1983 claim against Sheriff Lewis in his individual capacity fails and must be dismissed.

### B. Officer Defendants' Objections

The court next turns to the Officer Defendants' objections to the R&R. The Officer Defendants object in three respects. First, the Officer Defendants argue that the state law negligence and gross negligence claims against the Officer Defendants should be dismissed because "[i]t is irreconcilable that the Officer Defendants could be both 'willfully and wantonly' negligent or 'maliciously' negligent." ECF No. 21 at 3. The court agrees.

The South Carolina Torts Claims Act ("SCTCA") is the exclusive remedy for a tort injury caused by state employees acting within the scope of their employment. S.C. Code Ann. § 15-78-70(a). The SCTCA grants state employees immunity from liability for such torts by providing that,"[i]n the event that the employee is individually named [in an action], the agency or political subdivision for which the employee was acting must be substituted as a party defendant." S.C. Code Ann. § 15-78-70(c). However, the SCTCA does not grant an employee "immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted <u>actual fraud, actual malice, intent to harm</u>, or a crime involving <u>moral turpitude</u>." S.C. Code Ann. § 15-78-70(b) (emphasis added); <u>see also</u> S.C. Code Ann. § 15-78-60(17). "Thus, a state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment." <u>Smith v. Ozmint</u>, 394 F. Supp. 2d 787, 792 (D.S.C. 2005); <u>see</u> <u>Roberts v. City of Forest Acres</u>, 902 F. Supp. 662, 671 (D.S.C. 1995) (noting that an

12

employee of a government entity is personally liable for a tort, only when the employee's conduct falls within the exceptions listed in § 15-78-70(b)).

Here, with respect to his negligence and gross negligence claims against the Officer Defendants, Beaufort does not allege that the Officer Defendants acted outside the scope of their official duties. Thus, to avoid the individual officers' immunity under the SCTCA, Beaufort must show their actions constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. See S.C. Code Ann. § 15-78-70(b). However, Beaufort's negligence and gross negligence claims fail to satisfy this requirement because they necessarily lack the requisite element of intent. See Smith v. Ozmint, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (finding negligence claim did not include "intent to harm" element and thus could not be asserted against employees in their individual capacities under SCTCA); Gallmon v. Cooper, 2018 WL 4957406, at *6–7 (D.S.C. April 19, 2018) (finding officer immune from gross negligence claim under SCTCA), finding adopted, 2018 WL 4403389 (D.S.C. Sept. 17, 2018); Mosley v. Mueller, 2020 WL 5986220, at *5–6 (D.S.C. Mar. 24, 2020) (finding state law gross negligence claim failed to overcome SCTCA immunity because it necessarily lacked the element of intent), report and recommendation adopted, 2020 WL 3638111 (D.S.C. July 6, 2020). Because Beaufort did not allege malice or intent to harm in his negligence and gross negligence claims against the Officer Defendants, they enjoy immunity to these claims under the SCTCA. Therefore, the court dismisses these claims.

Second, the Officer Defendants complain that Beaufort did not sufficiently plead actual malice or intent to harm to overcome the Officer Defendants' immunity to the assault and battery claims under the SCTCA. The court overrules this objection, agreeing

with the Magistrate Judge's application of the law on this point.  Under South Carolina law, if an officer "uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' he may be [personally] liable for assault." Stewart v. Beaufort County, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) (quoting Roberts v. City of Forest Acres, 902 F. Supp. 662, 671 n.2 (D.S.C. 1995)).  As the Magistrate Judge explained, "[n]o one has disputed that [Beaufort] has adequately alleged an excessive force claim against [the Officer] Defendants in their individual capacities, and the assault and battery claims incorporate those allegations." ECF No. 17 at 17.  Therefore, the court finds that Beaufort has sufficiently alleged that the Officer Defendants acted with actual malice or intent to harm by incorporating the factual allegations underlying the § 1983 claim in his assault and battery claims.  See Simmons v. Charleston Cty. Sheriff's Office, 2019 WL 5387911, at *1 (D.S.C. Oct. 22, 2019) (finding that the plaintiff alleged actual malice or intent to harm by alleging an excessive force claim and incorporating those allegations in the claim for assault and battery).  Beaufort has sufficiently set forth facts that, if true, would overcome the Officer Defendants' immunity from suit on the assault and battery claims, and, accordingly, these claims survive the instant motion to dismiss. See Morning v. Dillon County, 2017 WL 4276906, at *6 (D.S.C. Sept. 27, 2017) (explaining that "[b]ecause Plaintiff has a viable § 1983 excessive force claim against Rogers, there is a genuine issue of material fact as to whether the [sheriff's office] is liable under the SCTCA for the alleged assault and battery committed by Rogers") (citing Barfield v. Kershaw Cty. Sheriff's Office, 638 Fed. Appx. 196, 201–03 (4th Cir. 2016) ("[I]n the case of a viable excessive force claim under § 1983, Barfield's SCTCA battery claim against the KCSO also survives [summary judgment].")).

Third, the Officer Defendants object to the Magistrate Judge's conclusion that discretionary immunity does not apply to Beaufort's state law claims against the Officer Defendants. ECF No. 21 at 3. The court again overrules the objection. The SCTCA provides that a governmental entity is not liable for a loss resulting from

> the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee.

S.C. Code Ann. § 15-78-60. "The burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense." Niver v. South Carolina Dep't of Highways & Pub. Transp., 395 S.E.2d 728, 730 (S.C. Ct. App. 1990); accord Foster v. South Carolina Dep't of Highways & Pub. Transp., 413 S.E.2d 31 (S.C. 1992). "To establish discretionary immunity, the governmental entity must prove that the governmental employees, faced with alternatives, actually weighed competing considerations and made a conscious choice." Pike v. South Carolina Dep't of Transp., 540 S.E.2d 87, 90 (S.C. 2000). "Furthermore, 'the governmental entity must show that in weighing the competing considerations and alternatives, it utilized accepted professional standards appropriate to resolve the issue before them.'" Id. (citation omitted). "This standard is inherently factual." Id. at 91.

The court need not reach the merits of the Officer Defendants' assertion of discretionary immunity at this juncture. "[A] motion to dismiss filed under Federal Rule of Procedure 12 (b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense . . . . But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the

15

defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear [] on the face of the complaint." Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added). The court finds that this is not one of those rare circumstances.

In any event, the court agrees with the R&R that the allegations indicate the Officer Defendants' acted in a manner beyond the confines of their judgment and discretion as deputies. For example, Beaufort alleges that the Officer Defendants participated in a "vicious beating" of Beaufort, whereby they "kicked, stomped, and punched [Beaufort] while he was on the ground . . . until he was unconscious." ECF No. 1-2 at 6. Accepting these factual allegations as true and drawing all reasonable inferences in Beaufort's favor, the court cannot find that the Officer Defendants had the discretion to act in this manner. As such, Beaufort, at this stage in the proceedings, has sufficiently alleged conduct by the Officer Defendants such that the protections of the SCTCA are inapplicable to Beaufort's remaining state law claims against them.

### C. The BCSO Defendants' Objections

The BCSO Defendants object to the R&R in two respects. First, they argue that the § 1983 claims against Sheriff Lewis in his individual capacity should be dismissed with prejudice, rather than without. This is warranted, they argue, because "this is the second time this lawsuit has been filed against these defendants by this plaintiff, with the same primary plaintiff's attorney." ECF No. 19 at 2. The court agrees and will dismiss the claims with prejudice. See Washington Cty. Bd. of Educ. v. Mallinckrodt ARD, Inc.,

2020 WL 2512421, at *2 (D. Md. May 15, 2020), aff'd, 2020 WL 7230263 (4th Cir. Sept. 28, 2020) (noting that "[d]ismissal with prejudice is appropriate" when plaintiff "had already attempted once to remedy the deficiencies identified by Defendants and had failed to adequately do so" and "did not propose any further amendments or explain how further amendment could remedy these persistent deficiencies"); United States ex rel. Campos v. Johns Hopkins Health Sys. Corp., 2018 WL 1932680, at *9 (D. Md. Apr. 24, 2018) (dismissing plaintiff's claims with prejudice where plaintiff did not seek leave to further amend his complaint nor suggest any way he could successfully remedy the complaint's deficiencies).

      Second, the BCSO Defendants object to the Magistrate Judge recommending that the state law claims of false arrest, false imprisonment, and malicious prosecution against Sheriff Lewis should proceed. The Magistrate Judge determined that Sheriff Lewis can be individually liable for these claims, despite the immunity provided for in the SCTCA, because Beaufort alleged malice in the complaint. The BCSO Defendants argue that Beaufort did not allege that Sheriff Lewis was present at the scene or participated in the arrest or prosecution of this matter and thus could not have exhibited malice. The court agrees.

      False arrest in South Carolina is also known as false imprisonment. The elements of the tort are intentional restraint of another without lawful justification. See Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990); Jones by Robinson v. Winn-Dixie Greenville, Inc., 456 S.E.2d 429, 432 (S.C. Ct. App. 1995). Beaufort's allegations against Sheriff Lewis fail to satisfy these elements. The complaint only alleges that the Officer Defendants participated in Beaufort's arrest; it includes no allegations that Sheriff

Lewis directed, encouraged, or was otherwise involved in Beaufort's arrest in any way. To the extent Beaufort alleges that the false arrest occurred within the scope of the Officer Defendants' employment, the BCSO may be liable. To the extent Beaufort alleges that the false arrest occurred outside the scope of official duties or with malice or intent to harm, the Officer Defendants may be personally liable. However, Beaufort does not point to, and this court could not locate, any authority that would support Sheriff Lewis's personal liability for false arrest or imprisonment without his personal involvement. As such, Beaufort's failure to include any allegations of Sheriff Lewis's personal participation in the arrest is fatal to these claims, and the court must dismiss them. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (In a suit against federal officers for constitutional violations, "liability is personal, based upon each defendant's own constitutional violations.").

Beaufort's malicious prosecution claim against Sheriff Lewis fails for similar reasons. In order to maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. Parrott v. Plowden Motor Company, 143 S.E.2d 607 (S.C. 1965). Beaufort alleges that Sheriff Lewis "exhibited malice in the initiation and continuance of [criminal judicial] proceedings against [Beaufort]." ECF No. 1-2 at 26. However, again, Beaufort fails to allege any facts showing Sheriff Lewis' personal involvement in the criminal proceedings against Beaufort. Although a court must "assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [plaintiff's] favor,"

Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. Here, Beaufort's only allegation in support of his malicious prosecution claim against Sheriff Lewis simply recites the applicable standard. This allegation "is rich in conclusions but devoid of supporting facts." Willis v. Blevins, 966 F. Supp. 2d 646, 663 (E.D. Va. 2013). Thus, the allegation is insufficient to survive the instant motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court adopts in part and rejects in part the R&R and **GRANTS IN PART** and **DENIES IN PART** the motions to dismiss in accordance with this order.

**AND IT IS SO ORDERED.**

                                                                                 _____
                                                                                 DAVID C. NORTON
                                                                                 UNITED STATES DISTRICT JUDGE

**March 22, 2021**
**Charleston, South Carolina**